UNITED STATES OF AMERICA      )
                                      )        Case No. 1:22-cr-99

v.                                      )
                                      )        Judge Curtis L. Collier

LADARRIUS BONDS            )

**O R D E R**

Before the Court is a motion by the United States (the "Government") for a fifth continuance of the trial and all deadlines in this case. (Doc. 21.) Because the public has an interest independent from the defendant in the speedy trial of criminal cases, courts do not have unbridled authority to continue trials in criminal cases. The interest of the public is codified in the Speedy Trial Act, 18 U.S.C. §§ 3161 to 3173. The Speedy Trial Act specifies time limits in which defendants must be tried. 18 U.S.C. § 3161(c)(1). If the time limits are not followed, the Act mandates dismissal of the information or indictment.

Before granting any motion to continue a trial in a criminal case, the Court must consider the impact granting such a request would have on the Speedy Trial Act time limits. The Speedy Trial Act authorizes the Court to grant delays where the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).[1]

---

[1] The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

   . . .

(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

Section 3161(h)(7)(A) requires the Court to make a finding after carefully considering and balancing multiple factors, including those factors listed in that section. Continuances under the Speedy Trial Act are not lightly granted, and this Court "must set forth the reasoning supporting the determination that the interests served by the grant of the continuance outweigh the defendant's and the public's interest in a speedy trial." *United States v. Crawford*, 982 F.2d 199, 204 (6th Cir. 1993).

---

speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. §§ 3161(h)(7)(A)–(C).

The Government requests a continuance because Dan Ripper, counsel for Defendant, LaDarrius Bonds, suffered a fire in his office building on April 26, 2023, which deprived Mr. Ripper of access to his office computers, files, e-mails, and network. (Doc. 21 at 1.) Mr. Ripper has asked the Government to inform the Court of this problem on his behalf. (*Id.*) In addition, the Government has proposed a plea agreement which Mr. Ripper has reviewed with Defendant and which Mr. Ripper expects Defendant to sign and transmit to counsel, if he has not already done so. (*Id.*) However, Defendant is housed in Laurel County, Kentucky, and Mr. Ripper currently has no way to receive the executed plea agreement by e-mail or otherwise prepare for trial. (*Id.*) The Government represents that a continuance would be in the interest of justice. (*Id.*)

The Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. Accordingly, the Court **GRANTS** Defendant's motion (Doc. 21) as set forth below. Pursuant to 18 U.S.C. § 3161(h)(7)(A), it is hereby **ORDERED**:

(1) The trial of this matter is continued until **June 26, 2023**;

(2) The final pretrial conference is continued until **June 14, 2023, at 4:00 p.m.**;

(3) Requests for jury instructions shall be submitted no later than **June 16, 2023**;

(4) All motions and plea bargaining shall be completed by **June 7, 2023**. Any written plea agreement shall be executed by said date.

The parties shall be prepared to commence trial at **9:00 a.m.** on the date which has been assigned. If this case is not heard at 9:00 a.m. on the date assigned, it will be held in line pending notification from the Court. Any subpoenas previously served in this matter will remain in full force and effect for the new trial date. The parties shall be responsible for notifying their witnesses of the new trial date and this Order.

3

**SO ORDERED.**

**ENTER:**

**/s/**                                  
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

4